**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**OHIO CAR & TRUCK LEASING, INC., Respondent.**

**No. 16465.**

United States Court of Appeals
Sixth Circuit.
May 26, 1966.

Julius Rosenbaum, N. L. R. B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Gary Green, Atty., N. L. R. B., Washington, D. C., on brief, for petitioner.

Roy E. Browne, Akron, Ohio, Hershey, Browne, Wilson, Steel, Cook & Wolfe, Akron, Ohio, for respondent.

Before O'SULLIVAN and CELEBREZZE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

CELEBREZZE, Circuit Judge.

The National Labor Relations Board seeks enforcement of its Order issued against the Respondent on December 8, 1964. The Board's decision and order are reported at 149 N.L.R.B., No. 129. The Board found that the Respondent violated Section 8(a) (5) and (1) of the

Act by failing to bargain in good faith with the Union[1] certified by the Board as the collective bargaining representative for the Respondent's mechanics and utility men.

The Respondent leases motor vehicles to other business enterprises. In 1961, the Union and the Respondent entered into a collective bargaining agreement which expired on October 31, 1963. In October, 1963, the Union and the Respondent entered into collective bargaining conferences, seeking to enter into a new agreement. During the conferences held in October, 1963, Respondent refused to extend the time of the old contract beyond the deadline of October 31, 1963, since Respondent had hopes of selling the business prior to October 31st.

During the negotiations in October and November, the two main issues to be resolved were wages and sick leave. A Federal Mediator was called to help with the negotiations. The Union ultimately accepted a five-cent wage increase and dropped its demand for sick leave. An agreement was reached on November 20, 1963. The Federal Mediator then reviewed the terms of the agreement with both sides, and both sides indicated an agreement had been reached on all issues.

The agreement was reduced to writing, signed by the Union and sent to the Respondent on November 26, 1963. Several minor changes were requested by the Respondent and agreed to by the Union. Article 20, entitled "Term of Agreement", provided in part that the term of the agreement would be from November 1, 1963 to November 1, 1964.

On December 17th, Respondent discharged Frank Cirone, a member of the Union Negotiating Committee. After several requests by the Union to sign the agreement, Respondent finally signed the contract on December 20, 1963. However, Respondent amended Article 20 by adding the following sentence:

"This paragraph of Article 20 does not apply to arbitration of any dispute

1. General Truck Drivers Local 92, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

arising between November 1, 1963 and the date of the signing of this agreement."

There had been no prior discussion or approval by the union to this change. The Union refused to agree to this amendment, and the Respondent refused to sign a contract embodying the terms orally agreed to.

The Board found the Respondent had violated Section 8(a) (5) and (1) of the Act by dishonoring its agreed upon contract. The Board also found that the Respondent unlawfully refused to provide financial data to substantiate an asserted inability to pay the wages demanded by the Union, and also found unlawful an attempt to by-pass the Union and negotiate directly with the employees. The Board ordered the Respondent to cease and desist from refusing, if requested to do so by the Union, to sign the agreement agreed to, or if no request is made, refuse to bargain collectively with the Union as the exclusive bargaining representative of its employees in the appropriate unit.

Based on the foregoing facts, we can only conclude there was substantial evidence in the record to support the findings of the Board that the Respondent violated Section 8(a) (5) and (1) of the Act by refusing to sign an agreement embodying the orally agreed upon terms. See National Labor Relations Board v. Warrensburg Board & Paper Corporation, 340 F.2d 920 (C.A.2, 1965); Lozano Enterprises v. National Labor Relations Board, 327 F.2d 814 (C.A.9, 1964); National Labor Relations Board v. Wate, Inc., 132 N.L.R.B., Para. 10297, aff'd 310 F.2d 700 (C.A.6, 1962). While there appears to be a conflict in the testimony as to whether or not Respondent claimed inability to pay, it became a question of fact for the Trial Examiner to determine. We cannot say that his finding that such inability was pleaded was clearly erroneous. When Respondent claimed financial inability to grant demanded wage increases, Respondent must, upon request, furnish financial data to substantiate its

claim. National Labor Relations Board v. Southland Cork Company, 342 F.2d 702 (C.A.4, 1965).

Prior to oral argument, no objection was made to the Board's order granting the Union the option of (1) insisting upon present execution of the contract previously negotiated or (2) bargaining with Respondent for a new agreement. This type of optional order was approved in National Labor Relations Board v. Warrensburg Board & Paper Corporation, supra, and National Labor Relations Board v. Wate, Inc., supra. Further, Section 10(e) of the Act precludes a party who fails to raise an objection before the Board from raising that objection upon review, National Labor Relations Board v. Seven-Up Bottling Co., 344 U.S. 344, 73 S.Ct. 287, 97 L.Ed. 377 (1953).

The Order of the Board will be enforced.